IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALBERT EUGENE RICHMOND**

                  **Petitioner,**

    v.                                          **CASE NO. 16-3058-JWL**

**JAMES HEIMGARTNER, et al.,**

                  **Respondents.**

## MEMORANDUM AND ORDER

In March 2016, Petitioner and state prisoner Albert Eugene Richmond filed the pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 that began this case. (Doc. 1, p. 1.) On June 1, 2016, United States Senior District Judge Sam A. Crow issued an order directing Petitioner to advise the Court whether he wished to proceed in this action or whether he preferred to dismiss it without prejudice to allow him to exhaust claims he was pursuing at that time in related state-court proceedings. (Doc. 4.) Petitioner advised that he preferred the dismissal of this action without prejudice (Doc. 5), so on June 23, 2016, Judge Crow issued an order construing Petitioner's response as a motion to dismiss, granting the motion, and dismissing this action without prejudice but "mak[ing] no finding on the time remaining on the limitation period under 28 U.S.C. § 2244(d)." (Doc. 6.)

On August 9, 2024, the Court received from Petitioner a "Motion to Proceed with 2254," along with a petition, a memorandum in support of the petition, and a motion for leave to proceed in forma pauperis. (Doc. 8, 8-1, and 8-2.) In the petition, Petitioner explains that he has now completed the state-court proceedings. (Doc. 8-1, p. 13.) This case was reassigned to the undersigned.

Liberally construing the materials now before this Court, as is appropriate because Petitioner proceeds pro se, it appears that Petitioner wishes to reopen this matter so that he may continue his efforts to obtain federal habeas relief. A dismissal without prejudice so that a federal habeas petition may exhaust state-court remedies does not simply pause the federal habeas case; it dismisses it and closes the case. Because the dismissal is "without prejudice," the petitioner in such a situation may refile his federal habeas claims in a new action in order to pursue them. It is not the Court's usual practice to reopen the previously dismissed case and proceed therein.

Moreover, even liberally construing the materials as a motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b), Petitioner has not asserted any exceptional circumstances that warrant such relief. *See Servants of the Paraclete v. Does*, 294 F.3d 1005, 1009 (10th Cir. 2000) (Under Federal Rule of Civil Procedure 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances.); *see also Hood v. Roberts*, 2010 WL 4930677, *1 (D. Kan. Nov. 30, 2010) (unpublished) (denying motion to reopen a case after petitioner voluntarily dismissed his federal habeas case in order to return to state court to exhaust remedies). In the interest of efficiency, however, the Court will direct the clerk to file under a new case number the petition, attachments, and motion for leave to proceed in forma pauperis Petitioner submitted under this case number. Petitioner will receive notice of that filing, which will advise Petitioner of the new case number under which his federal habeas petition will proceed.

**IT IS THEREFORE ORDERED** that the motion to reopen (Doc. 8) is **denied**. This matter shall remain closed.

**IT IS FURTHER ORDERED** that the Clerk will file the recently submitted petition and the memorandum in support (Doc. 8-1) and the motion for leave to proceed in forma pauperis

(Doc. 8-2) as a new federal habeas matter, after which the Court will issue orders in the new case as necessary.

**IT IS SO ORDERED.**

DATED:   This 12th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
